CADWALLADER F. BLANCHARD & another *vs.* GEORGE W. YOUNG.

SAME *vs.* TIMOTHY FRYE AND GEORGE W. YOUNG.

The burden of proving that all the proceedings in insolvency, under which a defendant claims a discharge, were regular and conformable to the statute, is upon the defendant throughout the case, but the certificate of his discharge is *primâ facie* evidence of such regularity.

A commissioner of insolvency who as assignee of A., an insolvent debtor, has a claim against B., is so interested in B.'s estate that he has not jurisdiction to act as commissioner thereon.

The refusal of a commissioner of insolvency to permit a creditor to examine an insolvent debtor will not avoid a discharge. The remedy, if any, is by an application to the supreme court under *St.* 1838, *c.* 163, § 18.

For the purpose of proving that the defendant has fraudulently conveyed his real estate to third persons, copies of the deeds thereof from the registry are admissible, as the originals are not presumed to be in the possession of either party to the suit

THESE were actions of assumpsit, and the defendant Frye, having been duly discharged under the insolvent laws of this commonwealth, the plaintiffs discontinued as to him. The other defendant, Young, defended, and the actions were tried together by consent of parties. At the trial in the court of common pleas, before *Merrick*, J. the defendant Young admit- ·d a *primâ facie* case on the part of the plaintiffs, and con- ended that he had been discharged by proceedings under the ·nsolvent laws of this commonwealth, before S. C. Adams, Esq. a commissioner of insolvency, and a certificate of dis- charge duly granted by said Adams on the 24th day of March, 1852. And to prove such proceedings and discharge, he offered in evidence and relied upon the original certificate of discharge which was in the usual and due form. The defendants objected to the admission of said certificate as evidence, and contended that the defendant should prove by the record of the proceedings before said commissioner, or duly certified copies of the same, that such proceedings were had; that they were in due form and conformable to the requisitions of the statutes; and that the defendant had been duly discharged.

But the presiding judge overruled the objection, and ruled that the certificate was *primâ facie* evidence that such pro- ceedings in insolvency were had; that they were regular in ·orm, and conformable to law; and that the defendant had been duly discharged from his debts and the claims now in suit; and that the burden was on the plaintiffs to prove that the insolvent proceedings before the commissioner had not been regular and according to law.

The plaintiffs, having duly specified their objections to the defendant's discharge, offered evidence to prove that said com- missioner, at the time of the commencement of, and during said proceedings before him, was the assignee of the insolv- ent estate of said Frye, and that said Frye's estate had been settled and a dividend declared before the proceedings were commenced in said Young's case; that said Frye and Young, previous to the insolvency of either of them, were copartners in trade, and at the time of the commencement of, and during said proceedings, the estates of said Frye and Young were

jointly liable to numerous persons in large amounts for debts contracted by said Frye and Young during said copartnership; that there were also debts due from various persons to said Frye's estate, and said Young jointly; and that said Young owed the estate of Frye a large sum of money, and that said commissioner was interested in the estate of said Young in this manner, although in no other way. But the presiding judge ruled that it was incompetent for the plaintiffs to prove the same in order to invalidate said proceedings in Young's case, and excluded the evidence.

The plaintiffs also offered evidence to prove " that during said proceedings before the commissioner, and before the granting of said discharge, the defendant, Young, was by the plaintiffs reasonably notified to attend and submit to an examination on oath before the said commissioner and the defendant's assignee, but not by the order of either the assignee or commissioner, relating to his estate and the disposal of the same; and said Young, although he attended, refused, and the commissioner declined to require him, to submit to such examination, and his assignee declined to examine him : That at the third meeting of said Young's creditors before said commissioner, and before the granting of said discharge, the plaintiffs having duly proved claims against him before the commissioner, appeared for the purpose of opposing the granting of a discharge to said Young, and requested of the commissioner to be permitted to examine him on oath concerning his estate and the disposal of the same: That said Young having been reasonably notified to attend and submit to such examination, was thereupon sworn by the commissioner ; and the plaintiffs then proceeded to inquire of him what property he possessed at a certain time, which was more than one year prior to his application for the benefit of the insolvent laws; And said commissioner ruled that the insolvent was not bound to answer any question as to what property he received or was possessed of more than one year before his said application. And the defendant refused to answer any such question." But the presiding judge ruled that it was incompetent for the plaintiffs to prove such facts or either of them, and excluded the evidence.

The plaintiffs also contended, and offered evidence tending to prove, that the defendant did not surrender his property for the benefit of his creditors, but fraudulently conveyed away, disposed of, and concealed the same for his own future use and benefit. And to prove that the defendant had conveyed and disposed of certain real estate to his father, a resident of the state of New Hampshire, by mortgage and quitclaim deeds, which the plaintiffs contended were fraudulent, they offered as evidence of the conveyances, office copies of said deeds duly certified by the register of deeds for the county of Middlesex. But the presiding judge excluded the copies, and ruled that no notice having been given to the defendant to produce the original deeds, the plaintiffs must produce and prove them, or prove that they were lost. The jury returned a verdict for the defendant, Young, and the plaintiffs alleged exceptions to the several rulings aforesaid.

*J. G. Abbott*, for the plaintiffs.

*B. F. Butler*, for the defendants. 1. The certificate of discharge of an insolvent debtor is *primâ facie* evidence of the regularity of all the prior proceedings, and of a final discharge. *Gardner* v. *Nute*, 2 Cush. 333. 2. The *St.* of 1848, c. 304, § 4, provides for the case, when a question arises before a commissioner in which he is interested. It does not appear that any question arose as to the claim of Frye against defendant. If it had arisen, and the commissioner had continued to act, objection might have been made. The interest of the commissioner, as assignee of Frye, was adverse to the defendant's discharge, and does not necessarily exclude jurisdiction, as he might have released his claim. *Cottle, Appellant*, 5 Pick. 483; *Sigourney* v. *Sibley*, 21 Pick. 101. 3. The certificate of discharge is so far conclusive, that it will be presumed the commissioner released or extinguished his interest, if any, and that all proceedings were in conformity to law. 1 Greenl. Ev. § 19. 4. The plaintiff should have taken advantage of this objection before the commissioner and by an appeal of the assignee. *St.* of 1848, c. 304, § 11. 5. A single creditor has by law no authority to examine a debtor. The commissioner, by virtue of his office and duties, and the assignee, as the

representative and agent of the creditors, alone has such au-
thority. *St.* 1838, *c.* 163, §§ 6, 9.

Thomas, J. The defendant Young, confessing the debt of
the plaintiffs, says he has been released from its payment by a
discharge in insolvency. And relying upon such discharge, it
is very plain that he must show that it has been obtained by
due course of legal proceedings. He who affirms, must
prove. The certificate is *primâ facie* evidence of the fact,
but a *primâ facie* case does not change the burden of proof
The rule may be otherwise, if the plaintiffs, the discharge be-
ing regularly granted, seek to avoid it by allegations of fraud
committed by the insolvent. *Robinson* v. *Hitchcock,* 8 Met. 64.

But on whichever side may be the burden of proof, the
fact of the interest of the commissioner is clearly established.
He was the assignee in insolvency of Frye. The case finds
that Young owed the estate of Frye a large sum of money.
This is only saying, in other words, that the commissioner
was a creditor of Young to a large amount, and interested in
every question arising in the settlement of his estate, in the
proof of his own claim and that of every other creditor, on
every question of dividend, and the marshalling of the assets
therefor, and in the action of creditors and the court upon
the discharge of the insolvent. His duties as assignee
were plainly incompatible with his duties as commissioner.
He was in fact party and judge. He had therefore no juris-
diction, and his proceedings were wholly void. *Cottle, Appel-
lant,* 5 Pick. 483 ; *Sigourney* v. *Sibley,* 21 Pick. 101.

The examination of the debtor must be governed by the
sound judicial discretion of the commissioner, and the refusal
of the commissioner to allow a question to be put, or even to
permit the creditor to examine the debtor, would not avoid
the discharge. The remedy of the creditor, if he has one, is by
application to this court under the provisions of the *St.* 1838,
*c.* 163, § 18, to direct an examination to be made.

The office copies of the deeds should have been admitted
the originals not being presumed to be in the possession of
either party. *Exceptions sustained.*